■ ABLECO FINANCE LLC, Appellant-Respondent v JOHN F. HILSON et al., Respondents-Appellants. [970 NYS2d 775]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 30, 2012, which denied plaintiff's motion for summary judgment, and granted defendants' motion for summary judgment dismissing plaintiff's credit card receivables claim, but denied it as to plaintiff's inventory claim, unanimously modified, on the law, to the extent of granting the motion as to the inventory claim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff is in the business of making commercial loans. This action for legal malpractice stem from a $125 million loan that plaintiff made to BH S&B Holdings LLC (Bay Harbor) in August 2008. The loan was made to finance Bay Harbor's purchase of certain assets from the bankruptcy estate of S&B Industries, Inc. (Steve & Barry's), a retail clothing chain. According to the controlling asset purchase agreement, Bay Harbor's desire was "to purchase substantially all the assets and to assume certain lease and other obligations of [Steve & Barry's] with the present intention of operating the Business as a going concern." Plaintiff retained defendants on August 14, 2008 and the loan closed on August 26, 2008. Without repaying the loan, Bay Harbor filed its own bankruptcy petition in November 2008.

Plaintiff alleges, with respect to the credit card receivables claim, that defendants committed legal malpractice by failing to advise it that, after the closing, the cash proceeds of credit card sales of Bay Harbor's inventory would be deposited in a Steve & Barry's bank account on which plaintiff had no lien. Under the inventory claim, plaintiff alleges that defendants failed to adequately advise it that its first priority security interest on Bay Harbor's assets was collateralized by only a portion of the Steve & Barry's inventory as opposed to the entire inventory. Plaintiff alleges that it would not have made the loan had defendants provided it with proper legal advice that it was not acquiring a first priority lien on the entire Steve & Barry's inventory.

The credit card receivables claim was properly dismissed because the record establishes that before making the loan plaintiff knew that agreements creating its liens on the bank accounts would not be negotiated and executed until after the closing. The inventory claim should have also been dismissed on the basis of information plaintiff indisputably possessed prior to the August 26, 2008 closing.

Defendants deposed Kevin Genda, plaintiff's vice chair who was in charge of all of its lending activities. After negotiating the loan's basic terms, Genda, on behalf of plaintiff, retained defendants on or about August 14, 2008. Ten days earlier, Bay Harbor and Steve & Barry's had entered into an asset purchase agreement (APA). Under the terms of the APA, the Steve & Barry's inventory purchased by Bay Harbor excluded inventory that constituted GOB (going out of business) inventory. The APA defined "GOB Assets" as "all owned Merchandise and Furniture and Equipment located at Store Closing Locations" as opposed to locations at which Bay Harbor intended to assume the Steve & Barry's lease obligations and operate the business as a going concern. According to a term sheet that was transmitted on August 15, 2008 by Paul Lusardi, plaintiff's senior vice-president, the collateral for the loan was to consist of "a perfected first priority security interest in all existing and future assets of Borrower." The term sheet lists Newco (Bay Harbor) as the only "Borrower."

The record also contains an August 14, 2008 email to Lusardi from Nate Land, a member of plaintiff's deal making team. Attached to the email is a press release about the bankruptcy court's approval of the APA. The press release reads, in part: "The assets to be acquired include but are not limited to . . . all Steve & Barry's merchandise, *with the exclusion of any product located at stores not purchased by* [Bay Harbor]" (emphasis added). The foregoing documentary evidence refutes plaintiff's pivotal claim that it made the loan on August 26, 2008 without knowing that it was not getting a first priority lien on the entire Steve & Barry's inventory. Concur—Mazzarelli, J.P., Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.